**GLOBAL CROSSING TELECOMMUNICATIONS, INC.,** Petitioner

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 12–1482.

United States Court of Appeals, District of Columbia Circuit.

May 15, 2015.

Russell M. Blau, Joshua M. Bobeck, Morgan, Lewis & Bockius LLP, Washington, DC, for Petitioner.

Maureen Katherine Flood, Jacob M. Lewis, Richard Kiser Welch, Federal Communications Commission (FCC) Office Of General Counsel, Robert J. Wiggers, Robert B. Nicholson, U.S. Department of Justice, Washington, DC, for Respondents.

Before: TATEL and SRINIVASAN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This petition for review was considered on the record from the Federal Communications Commission and on the briefs of the parties and oral arguments of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). It is

**ORDERED AND ADJUDGED** that petition for review of the FCC's November 5, 2012 Order be dismissed for lack of subject matter jurisdiction.

The FCC has generally imposed a duty to contribute to the Universal Service Fund only on end-user revenue rather than revenue from resellers. Resellers are carriers that purchase services from wholesalers and re-sell them to consumers (or end-users). *See generally* 47 C.F.R. §§ 54.709(a), 54.706(a)-(b). Global Crossing is a wholesale telecommunications carrier whose revenue is generally *not* derived from the sale of services to end-users. In 2005, the Fund's Administrator audited Global Crossing's Form 499–A, discerned a shortfall in the claimed contribution base, and imposed $5.6 million in additional contributions. Global Crossing appealed.

In a 2012 *Order,* the Commission on review asserted that for Universal Service Contribution purposes a reseller is an entity that (1) incorporates purchased telecommunications into its own service offerings; *and* (2) can reasonably be expected to contribute to the Fund based on revenues from those offerings. *Universal Serv. Contribution Methodology,* Order, 27 FCC Rcd. 13,780, 13,782 (Nov. 5, 2012). The *Order* explained that a contributor

could demonstrate a reasonable expectation either by complying with the guidance in Form 499–A's instructions or through "other reliable proof." The *Order* remanded the audit to the Administrator to re-evaluate whether Global Crossing satisfied the reasonable expectation standard and to determine Global Crossing's liability. Global Crossing sought judicial review of the *Order* in this court, but later filed an uncontested motion to hold the case in abeyance pending the Administrator's ruling. Months later, on remand, the Administrator applied the Commission's directives and reduced Global Crossing's liability by over $1 million to $4.34 million. Rather than appeal the Administrator's re-audit decision to the Commission, Global Crossing returned to this court to reactivate its petition for review of the *Order*.

We are obliged to dismiss Global Crossing's petition for review of the *Order* because our jurisdiction extends only to "final orders" of the Commission. 28 U.S.C. § 2342(1). A final order in an administrative adjudication is typically one that disposes of all issues as to all parties. *CSX Transp., Inc. v. Surface Transp. Bd.*, 774 F.3d 25, 28 (D.C.Cir.2014). An agency's decision is final if no further action could obviate the need for judicial review. *DRG Funding Corp. v. Sec'y of Hous. & Urban Dev.*, 76 F.3d 1212, 1215 (D.C.Cir.1996). The paradigmatic non-final order is one remanding a case for significant further proceedings. *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880–81 (D.C.Cir.2000).

This challenged *Order* is interlocutory. The Administrator, in reviewing the submissions and applying the *Order's* guidance on remand, could have imposed zero contribution liability on Global Crossing. Such an outcome would clearly obviate the need for judicial review. Indeed in that event petitioner would lack standing to challenge the *Order*.

To evade the final order rule, Global Crossing asserts that the Commission's adoption of the reasonable expectation definition of reseller is tantamount to a legislative rule, and, as a party covered by the "rule" it has standing to bring a facial challenge. In doing so, petitioner characterizes the *Order* as a cross between an adjudication and a rulemaking. But we already squarely rejected this argument in *Conference Group, LLC v. F.C.C.*, 720 F.3d 957, 964–66 (D.C.Cir.2013). Agencies enjoy broad discretion to choose the form of their proceedings, and the Administrative Procedure Act's rulemaking-adjudication dichotomy is not open to mixing and matching. As petitioner's counsel admitted at oral argument, the *Order* was the product of an adjudication because it applied retroactively. As a party to the adjudication, Global Crossing cannot walk away from the proceeding prematurely and transform the adjudication into a rulemaking in its briefing to us.

Global Crossing also argues that we should alleviate the harshness of the final order rule since its multi-layered appeal could take another decade to work its way through the agency. But our case law on what constitutes a final order is clear. If Global Crossing was so confident in the merits of its petition, it should have appealed the Administrator's re-audit and withheld disbursement of the $4.34 million to the Fund, as it is entitled to do under the Commission's rules.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.